# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-796V**
Filed: September 9, 2026

GERRY SCOTT,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Master Horner

*Jonathan Joseph Svitak,* Shannon Law Group, P.C., Woodridge, IL, for petitioner.
*Lauren Kells,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 21, 2022, Gerry Scott, ("petitioner") filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* [2] (the "Vaccine Act"). On April 10, 2023, petitioner filed an amended petition. ECF No. 14. Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 6, 2021 influenza ("flu") vaccination. Petition at 1. On April 29, 2026, the parties filed a joint stipulation on award of compensation, which I adopted as my decision awarding damages on the same day. (ECF No. 65.)

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 12, 2026, petitioner filed a motion for attorneys' fees and costs. (ECF No. 69) ("Fees App.") Petitioner requests the following compensation: attorneys' fees and costs in the amount of $45,931.75, representing $44,954.50 in fees and $977.25 in costs. Fees App. at 3. Additionally, Counsel represents that Petitioner did not incur personal costs in pursuit of this claim. *Id.* at 3. On May 26, 2026, respondent filed a response to petitioners' motion. (ECF No. 71.) Respondent indicated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee

reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

**a. Hourly Rates**

Petitioner requests the following rates of compensation for her attorneys: for Mr. Jonathan Svitak: $310.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $380.00 per hour for work performed in 2023, $410.00 per hour for work performed in 2024, $450.00 per hour for work performed in 2025, and $495.00 per hour for work performed in 2026. *See* Fees App. Ex. 2. Additionally, Petitioner requests between $172.00 to $228.00 per hour for work performed by paralegals from 2021-2026. *Id*. These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

**b. Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. I have identified several billing entries reflecting tasks considered administrative in nature, and thus non-compensable, such as organizing medical records as exhibits.[3] Counsel should note for future reference that secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, I deny reimbursement of these administrative charges, resulting in a reduction of **$297.90**.

[3] The following billing entries are considered administrative in nature: 9/16/22, 5/5/23, 12/1/23, 1/2/24, 4/26/24, 5/12/26, for a combined total of **$297.90** in non-compensable charges. Fees App. Ex. 2.

Petitioner is therefore awarded final attorneys' fees in the amount of $44,656.60.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $977.25 in attorneys' costs. Fees App. Ex. 4. These costs are comprised of acquisition of medical records, the Court's filing fee, and transcript costs.

I find the overall costs incurred in this matter to have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case. I hereby GRANT, in part, Petitioner's Motion for Attorneys' Fees and Costs. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $45,633.85, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).